Van Dorn v. Lerman                    CV-97-345-M    11/14/97

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>Edward M. Van Dorn, Jr.</u>

   v.                                         Civil No. 97-345-M

<u>Sidney Lerman</u>


<u>O R D E R</u>


    Plaintiff, Edward M. Van Dorn, Jr., a New Hampshire lawyer, hired defendant, Sidney Lerman, an opthamologist, to evaluate certain aspects of a product liability suit in which Mr. Van Dorn represented the plaintiff, and, if appropriate, to provide expert opinion testimony.  The product liability suit ended when summary judgment was granted in favor of the defendant; the court determined that Dr. Lerman's proposed expert opinion testimony did not satisfy the admissibility prerequisites established in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).  <u>Grimes v. Hoffmann-LaRoche, Inc.</u>, 907 F. Supp. 33 (D.N.H. 1995).  Thereafter, Dr. Lerman brought suit in New York state court to recover fees he claimed were owed him for expert services he provided Van Dorn in the <u>Grimes</u> case.

    Mr. Van Dorn also filed suit — in this court, alleging that Dr. Lerman was negligent and breached his contract to provide expert witness services in the <u>Grimes</u> case.  Dr. Lerman now moves to dismiss the complaint for lack of personal jurisdiction or for improper venue.  Dr. Lerman's undisputed systematic and continuous contacts with New Hampshire during the performance of

his contractual obligations in the Grimes case, including providing opinions and advice to Mr. Van Dorn by telephone and mail and by participating in a telephonic hearing with Judge Barbadoro, appear to provide sufficient contacts to meet the tripartite test for personal jurisdiction. See Sawtelle v. Farrell, 70 F.3d 1381, 1388-89 (1st Cir. 1995); see also Burger King v. Rudzewicz, 471 U.S. 462, 476 (1985). For the same reasons, venue is likely to be appropriate in the district of New Hampshire. See 28 U.S.C.A. § 1391(a).

The court declines, however, to make a final determination as to either personal jurisdiction or venue because the parties' pleadings raise an obvious question as to whether the court should abstain from further action in this suit. See, e.g., Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (discussing circumstances under which a federal court should decline to proceed in light of the familiar Younger abstention principles). It appears that Dr. Lerman's suit, filed in New York state court, raises the same or very similar issues as Mr. Van Dorn raises here. It also seems that the New York state court action is currently pending and that resolution of the contract claims may implicate important state interests. It also seems probable that Dr. Lerman's suit was filed first, though that is unclear.

The court directs the parties to address the question of abstention as follows. If the parties agree that abstention is appropriate, they may file a joint stipulation to that effect.

2

If the parties do not agree, plaintiff shall file a well-supported memorandum of law showing cause why the court should not abstain, and defendant shall file a memorandum of law setting forth his position on the matter. The memorandum shall be filed simultaneously on or before December 19, 1997.

For the foregoing reasons, the defendant's motion to dismiss is denied without prejudice. Parenthetically, the parties' report of their planning meeting is insufficient in that it does not include proposed deadline dates, and, therefore, is returned. It may be refiled, if necessary, with appropriate information within 10 days following resolution of abstention issue.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 14, 1997

cc:  Arend R. Tensen, Esq.
     Mark C. Rouvalis, Esq.